**TWIN CITIES INVESTORS I,**
**Appellant,**

v.

**Vernon M. EIDE, et al., Respondents.**

**No. CO–84–1643.**

Court of Appeals of Minnesota.

Feb. 19, 1985.

Review Denied May 1, 1985.

Steven H. Berndt, Minneapolis, for appellant.

Larry K. Houk, St. Paul, for respondents.

Heard, considered, and decided by PARKER, P.J., and SEDGWICK and LESLIE, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a judgment entered after a bench trial involving the interpretation of a contract for deed. We affirm.

## FACTS

Defendants-respondents, Vernon and Timothy Eide, purchased a four-building apartment complex on a contract for deed from the estate of Martha Freishel in 1972. The contract for deed had a balloon due October 1, 1982. Freishel had previously mortgaged the property for $500,000.

In 1972 the Eides assigned by quit claim deed their interest in the contract for deed to Two M's Apartments, a limited partnership of which Vernon and Timothy Eide were general partners. Another quit claim deed conveyed the property back to the Eides, individually. These deeds and the original contract for deed from Freischel were not recorded. The Two M's Apartment partnership sold the property in 1979 on a second contract for deed to plaintiff-appellant, Twin Cities Investors, a limited partnership. The first contract for deed and mortgage were not assumed by Twin Cities Investors in the second contract for deed.

The second contract for deed, between Two M's and Twin Cities Investors, permitted the Eides to put a new mortgage on the property. This contract recognized that the Eides would have to refinance their interest in the property by October 1982, to meet the balloon payment.

The pertinent language from the contract for deed provided:

First party (Eide) reserves the right at their expense, to place a new mortgage on the above described premises at any time during the term of this contract, the amount of which mortgage shall not exceed the balance of this contract then remaining, and the total payment of principal and interest not to exceed $9,000 per month. Said mortgage may be placed no sooner than May 1, 1982.

In September 1982, the Eides obtained a mortgage commitment from Twin City Federal (TCF), in part, to finance the October 1, 1982 balloon payment. This mortgage did not violate the literal terms of the above provision.

TCF required the signatures of the Eides and Twin Cities Investors on the mortgage. By signing, Twin Cities Investors would be subordinating the Two M's/Twin City Investors contract for deed to the new mortgage. While the mortgage commitment was being negotiated, Twin Cities Investors was negotiating the sale of the property. The proposed purchaser agreed to buy only if Twin Cities Investors established a complete chain of title. Eides had not recorded the quit claim deeds and contract for deed between them and Freishel.

However, Twin Cities Investors signed the TCF mortgage without obtaining an agreement from the Eides to record all underlying documents to the property. Twin Cities Investors then asked the Eides to record those documents to complete the chain of title. They refused unless Twin Cities Investors paid them $10,000, plus the mortgage registration tax due on the Freischel/Eide contract for deed.

Twin Cities Investors refused to pay the $10,000. To help close the sale, the real estate agent representing Twin Cities Investors agreed to reduce his commission by $10,000 and pay the Eides for filing the documents. This was done and Twin Cities Investors closed its sale after it paid the $1,250 in mortgage registration tax.

Twin Cities Investors sued the Eides for reimbursement of the $11,250. The trial court denied the requested relief and denied Eides' request for attorney fees.

## ISSUES

1. Did the contract for deed between the parties permit the contract vendor to obtain the mortgage in question?

2. Did the court err in determining the Eides had no legal obligation to record the Freishel/Eide contract for deed and that the $10,000 was "effectively paid" by the realtor representing Twin Cities Investors?

## ANALYSIS

 1. Under the contract for deed between Two M's and Twin Cities Investors, the vendor, Two M's alias Eides, had the right to mortgage its interest in the property. That right was limited in only three specific respects: (1) the mortgage balance cannot exceed the contract balance, (2) the Eides monthly payment cannot exceed $9,000, and (3) the refinancing or new mortgage cannot take place before May 1, 1982.

In placing a new mortgage on the property the Eides did not violate any of these limitations.

2. Twin Cities Investors claims the court erred in denying its requested relief by finding their real estate agent, not Twin Cities Investors, actually paid the Eides the $10,000.

First, the Eides had no obligation to record the Freishel/Eide contract for deed until 1989 when performance under the contract is due. This finding will not be overturned unless clearly erroneous, which it is not.

Second, Twin Cities Investors could have demanded that Eides record the Freishel/Eide contract for deed when it purchased the property from Two M's in 1979, or before signing the TCF mortgage in 1982. The signing of this mortgage was in the interests of both the Eides and Twin Cities Investors.

 Absent an agreement to record these documents earlier, the Eides have no obligation to record until 1989. Therefore, Twin Cities Investors have no legal grounds to force recording. Furthermore, Twin Cities Investors have no legal grounds to demand reimbursement of the $10,000 because they did not actually pay the $10,000, their realtor did. The evidence is sufficient to support this finding.

## DECISION
We affirm the trial court.